resentative of the partnership, doing the business in his own name, and not disclosing his representative capacity to the defendant. As between the plaintiff and defendant, the defendant's liability was to the plaintiff, and the contract with the defendant was the plaintiff's contract. Weed v. The Hamburg-Bremen Fire Ins. Co., 133 N. Y. 394, 31 N. E. 231. Payment of a judgment recovered by the plaintiff would fully protect the defendant from the claims of third persons, and this is the test whether the plaintiff is the real party in interest. St. James Co. v. Security Trust & Life Ins. Co., 82 App. Div. 242, 81 N. Y. Supp. 739. The case of Secor v. Keller, 4 Duer, 416, has not been overlooked. This case, decided in the Superior Court, holds that even a dormant partner is a necessary party plaintiff, where the transaction constituting the subject-matter of the action was with and in the name of an ostensible partner. This case has not been cited as an authority in later cases, and its soundness has been questioned by text-writers. It is not controlling here, and is not in harmony with the weight of authority.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.

---

(98 App. Div. 225)

McCALL v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. LIFE INSURANCE — FORFEITURE OF POLICY — NOTICE—AFFIDAVIT — SUFFICIENCY.

Under Laws 1897, p. 92, c. 218, providing that a life policy shall not lapse or be forfeited within one year after nonpayment of premium unless a notice stating the amount due on such policy, etc., shall have been mailed to assured, and that the affidavit of an officer or agent of the insurer that the notice was mailed shall be presumptive evidence that it was duly given, an affidavit, in an action on a life policy, that a notice stating the amount due, etc., on "his policy," was mailed assured, was insufficient to show compliance with the statute, both because not showing that the notice related to the policy in suit and because not giving the contents of the notice, that its sufficiency might be determined.

Appeal from Trial Term, Queens County.

Action by Rachel McCall against the Prudential Insurance Company of America. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Thomas F. Magner, for appellant.

C. L. Van de Water (Charles N. Morgan, on the brief), for respondent.

WOODWARD, J. On the 6th day of July, 1900, the defendant in this action made and delivered its contract of insurance upon the life of plaintiff's son, the policy being made payable to the latter's wife. The policy was for $1,000; the annual premium being $24, payable quarterly. The first year's premiums were paid, but in February, 1901, default was made in the payment of premiums. Subsequently the

defendant indorsed upon the policy in suit a provision agreeing to pay the amount of the insurance to the plaintiff, the wife of the insured having died in the meantime; and in September, 1901, the plaintiff paid to an agent of the defendant $24, taking a receipt, which is claimed to have been conditional upon the defendant reinstating the policy, and on the 20th of October of the following year the insured died. Proofs of death were duly made, and the defendant refused to pay the amount of the policy, whereupon this action was brought. The learned court at Trial Term, upon motion of the plaintiff, directed a verdict at the close of the defendant's case, and from the judgment entered appeal comes to this court.

Upon the trial the defendant was permitted to amend its complaint by alleging that the policy had been forfeited by reason of the failure of the insured to pay the premiums upon the policy. Under this amendment the defendant introduced in evidence an affidavit of one of its clerks to the effect that a notice had been mailed to the insured in December, as required by section 92 of the insurance law, as amended by chapter 218, p. 92, of the Laws of 1897, and introduced a witness to testify that no payments had been made to the company subsequently, and rested. Thereupon the court, upon motion, directed a verdict for the plaintiff, holding that the affidavit did not have any legal effect, being a mere conclusion on the part of the person making the affidavit. An examination of the affidavit convinces us that the learned court did not err in thus disposing of the case. The statute provides that:

"No life insurance corporation doing business in this state shall within one year after the default in payment of any premium, installment or interest declare forfeited or lapsed, any policy hereafter issued or renewed, * * * nor shall any such policy be forfeited, or lapsed, by reason of nonpayment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, * * * at least fifteen and not more than forty-five days prior to the day when the same is payable."

It also provides that this notice must contain a statement to the effect that in the event of failure to make such payments the policy will be forfeited, etc., and that:

"The affidavit of any officer, clerk, or agent of the corporation, or of any one authorized to mail such notice that the notice required by this section, has been duly addressed and mailed by the corporation issuing such policy shall be presumptive evidence that such notice has been duly given."

The affidavit offered and received in evidence does not state that any notice was given "at least fifteen and not more than forty-five days prior to the day when the same is payable." It says that on the "6th day of December, 1901, he mailed at the general post office in the city of Newark, to C. H. McCall, at 11th avenue, Whitestone, N. Y., a notice stating the amount of premium on his policy, the place of payment, the person to whom payable, and the time when the premium would fall due, and that, if such premium was not paid on or before the date mentioned in said notice, the policy and all payments thereon would

become forfeited and void; that said notice was duly addressed as above set forth, and mailed to the person above referred to at his last known post-office address; and that postage on said notice was prepaid by said company." There is nothing to identify this alleged notice of December 6th with the policy in suit. It appears from the record that he had various policies, and he might have had a dozen policies with the defendant, but the affidavit does not disclose anything from which the court could determine that this notice had any relation to the policy involved in this action, assuming the affidavit to be good in other respects. But the affidavit, to meet the legitimate requirements of evidence, should show to the court the contents of the notice, that the court might be able to determine whether the notice as sent complied with the requirements of the statute. The defendant having failed to show by affidavit that the insured ever had any notice of the matters required by the statute in relation to the policy in suit, it follows that it has failed to establish the defense put forward in its amended answer. Mere default in payments during the period of one year from such default does not operate to forfeit the rights of the insured. It is only where there is default in payments, coupled with the notice prescribed by the statute, that the rights of the insured are forfeited (Strauss v. Union Central Insurance Co., 170 N. Y. 349, 356, 63 N. E. 347); and, the defendant having failed to show that it ever gave the insured such notice, the plaintiff is entitled to recover.

We are the more willing to arrive at this conclusion, fully justified by law, because it appears that the defendant, by one of its local agents, received the premium in September which was defaulted in February, and that between the alleged default and the time of making the payment the defendant company indorsed upon the policy an agreement to pay to the plaintiff the amount of the insurance, the wife of the insured having died. It is hardly in a position now to claim the defense which it has been permitted to offer, but which is inadequate to defeat the just claims of the plaintiff.

The judgment appealed from should be affirmed, with costs. All concur.