Rudolph L. Cherurg, for appellants.
Elias Rosenthal, for respondent.

BIJUR, J. The testimony in this case is so vague and confused as to be almost unintelligible. It seems to show that defendants once sold goods to plaintiff during a number of years; that plaintiff claims to have returned some of these goods to defendants, and now seeks to hold them in respect of the goods returned as for "goods sold and delivered." There is some evidence that a man by the name of Safir had some conversation with one of the defendants about returning goods, and that this particular defendant said he might do so. Safir's authority to act for the plaintiff is probably intended to be indicated by the statement that he was one of the managers of her store. But, apart from the vagueness of this supposed arrangement, there was no consideration for defendants' promise. It is not just to predicate a recovery upon, or to assume that a cause of action can be proved by, evidence of the uncertain and unintelligible character disclosed in this record. Alpern v. Hirsch, 56 Misc. Rep. 457, 107 N. Y. Supp. 8.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.

---

(140 App. Div. 362.)

O'BRIEN v. UNION CENT. LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

INSURANCE (§ 310*)—PREMIUM NOTICE—MATURITY OF PREMIUM NOTES—FORFEITURE—STATUTES.

Insurance Law (Laws 1892, c. 690) § 92, as amended by Laws 1906, c. 326, now re-enacted in Consol. Laws, c. 28, provides that no policy of an insurance corporation doing business within the state shall be lapsed by reason of nonpayment when due of any premium, unless a notice stating the amount of such premium shall have been mailed to the insured, or the assignee of the policy, etc. *Held*, that where notices were duly given of the maturity of premiums on a policy within the statute, and, being unpaid when due, notes were taken therefor, the acceptance of the notes operated merely as an extension of time to pay, and the insurance company was not bound to give a further notice of the maturity of the notes as a condition precedent to its right to cancel the policy for nonpayment of the notes when due.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 703; Dec. Dig. § 310.*]

Action by Virginia O'Brien against the Union Central Life Insurance Company. On defendant's motion for a new trial on exceptions ordered to be heard in the first instance at the Appellate Division. Sustained. Motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

John N. Blair, for the motion.
John E. Roeser, opposed.

SCOTT, J.   The plaintiff sues upon a life insurance policy issued to her on June 8, 1905, upon the life of her husband John C. O'Brien.

The premium specified in the policy was payable annually on the 15th day of June in each year.   The first premium was paid when the policy was issued.   The second premium falling due June 15, 1906, was not paid, but the defendant gave his four promissory notes for the amount.   Interest was paid on these notes when they fell due, but the principal was not paid, the notes being renewed from time to time. The same thing occurred with reference to the premium which fell due June 15, 1907.   The last renewal notes for both premiums fell due December 31, 1907, and were not paid.   The insured died February 20, 1908.   Prior to the commencement of this action, plaintiff tendered to defendant the amount due for principal and interest on the unpaid notes, which defendant refused to accept, claiming that the policy had been forfeited upon the failure to pay the last renewal notes. , The policy contains this condition:

"The failure to pay any of the first three years' premiums, or any notes or interest upon notes given into the company therefor, on or before the days upon which such premiums, notes or interest became due, shall avoid and nullify this policy without action on the part of the company or notice to the insured or beneficiary, and all payments made upon this policy shall be deemed earned as premiums during its currency."

The memorandum of settlement for each yearly premium, given to the assured when he gave his notes for the premiums due, recited that "the nonpayment of said note or notes at maturity will void the policy," and each note provided that:

"Said policy  *  *  *  shall, without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity, with interest at six per cent. per annum."

Under these several stipulations, it is manifest that the policy became subject to forfeiture on the failure to pay the notes which fell due on December 31, 1907, unless that result is avoided by the terms of section 92 of the insurance law (Laws 1892, c. 690), as amended by chapter 326, Laws 1906, and now re-enacted as section 92, chapter 33, Laws 1909, being chapter 28 of the Consolidated Laws.   That section reads as follows:

"Sec. 92. No Forfeiture of Policy Without Notice.—No life insurance corporation doing business in this state shall within one year after the default in payment of any premium, installment or interest declare forfeited, or lapsed, any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be lapsed, by reason 'of nonpayment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment, unless a written or printed notice stating the amount of such premium, interest, installment, or .portion thereof, due on such policy, the place where it shall be paid and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post-office address in this state, postage paid by the corporation, or by any officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the

same is payable. The notice shall also state that unless such premium, interest, installment or portion thereof, then due, shall be paid to the corporation, or to the duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited, and void except as to the right to a surrender value or paid-up policy as in this chapter provided. If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited or lapsed, until the expiration of thirty days after the mailing of such notice. The affidavit of any officer, clerk or agent of the corporation, or of any one authorized to mail such notice that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be presumptive evidence that such notice has been duly given. No action shall be maintained to recover under a forfeited policy, unless the same is instituted within two years from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued."

It is well settled that under this section there can be no forfeiture for nonpayment of a premium within a year from such nonpayment unless the statutory notice has been duly given. In the present case, however, the statutory notice was fully given as to the premiums as they fall due, but the plaintiff claims that the statute should be so read as to apply to the notes given for the premiums, so that the policy could not be forfeited upon the nonpayment of any such note unless the statutory notice had been given as to such note. This is the crucial question upon which this case turns. There is no authoritative decision of the question in this state, although in Conway v. Phœnix Mut. Life Ins. Co., 140 N. Y. 79, 35 N. E. 420, it is said, in a case when the statutory notice had been given with respect to a premium:

"No further notice was required from this company to the deceased. The notice provided to be given by the statute as a condition of its right to declare a policy lapsed for nonpayment of an annual premium was not necessary inasmuch as it had duly given the notice before the premium became due, which the statute has provided for. The statute does not apply to this case."

This expression of opinion has been criticised as being merely a dictum of the writer of the opinion, because the court found a sufficient defense to the action in the lack of authority on the part of the agent who assumed to extend the term for payment of the premium. The same construction was given to the statute by the Supreme Court of Minnesota in Banholzer v. N. Y. Life Ins. Co., 74 Minn. 387, 77 N. W. 295. Two opinions were written in this case. The first relied upon the Conway Case, but upon reargument the question was re-examined as res nova and the earlier conclusion affirmed. 78 N. W. 244. The Civil Court of Appeals of Texas, on the other hand, arrived at a directly opposite conclusion in N. Y. Life Ins. Co. v. Orlopp, 25 Tex. Civ. App. 284, 61 S. W. 336, holding that the statute above cited applies as well to a case when the time for the payment of a premium has been extended by the acceptance of a time note therefor as to the case of the time of payment of the premium provided for in the policy, and that the statutory notice was equally necessary in both cases to warrant the forfeiture of the policy. Considering the question as one yet undetermined by controlling authority, it is necessary to now de-

cide it, for it is directly involved in the appeal at bar. The defendant, having given the necessary statutory notice with respect to the premium, was in a position, if it chose to do so, to enforce the forfeiture of the policy for nonpayment. What it did was simply to extend the time of payment for the definite times specified in the notes. The giving of the notes did not pay the premiums, but merely operated as an extension of time to pay. Strauss v. Union Cen. Life Ins. Co., 170 N. Y. 349–355, 63 N. E. 347. Until the notes were paid the premium still remained unpaid, and I am unable to see upon what principle it can be said that the defendant by thus giving the insured time to pay waived or surrendered, except during the stipulated period of extension, the right to cancel the policy which had accrued by reason of the failure to pay the premiums when due. To so hold would render it necessary, in cases like the present, for the company to give several and successive notices respecting the same premium. The language of the statute does not require us to give it this construction. It clearly contemplates the giving of but a single notice as to each premium; and, since it is a statute restricting or limiting the liberty of contract between the insurer and the insured, it is not to be extended by construction beyond its fair import. The reason of the case seems to require us to hold that the company, having given the statutory notice respecting each premium as it fell due, acquired upon its nonpayment the right to cancel the policy, which it did not instantly exercise, but considerately extended the time within which payment might be made. This consideration not having been availed of by payment at the expiration of the period of extension, the right to cancel survived.

It follows that the defendant's exceptions ordered to be heard here in the first instance must be sustained and a new trial granted, with costs to the defendant to abide the event. All concur.