[No. 1236, August 3, 1910.]

EMELIA M. PEREA, Appellee, v. THE STATE LIFE INSURANCE COMPANY OF INDIANAPOLIS, INDIANA, Appellant.

### SYLLABUS.

1. Motions for continuance are ordinarily to be decided by the trial court, and his discretion, viewed from the facts, is not ordinarily to be reviewed.

2. The conduct of the insurance company in charging the premium to the agent and the act of the agent in taking a note to himself, operated as a transfer of the insured's indebtedness to the agent, and consequently as a payment to the company.

3.   Evidence examined and held that anwers of insured at the medical examination were true.   Affirmed.

CHARLES F. COFFIN, E. W. DOBSON and THOMAS K. D. MADDISON for Appellant.

Continuance should have been granted.   C. L. 1897, secs. 2986-2989; Johnson v. Dinsmore, Neb., 9 N. W. 559; Smith v. Bates, Tex, 27 S. W. 1044; Waldrup. v. Maxwell, Ga., 10 S. E. 597; Texas & P. Ry. Co. v. Yates, Tex., 33 S. W. 291; State v. Berkley, 92 Mo. 45; Murphy v. Murphy, 31 Mo. 322; Barnum v. Adams, 31 Mo. 532; Light v. Richardson, Cal., 31 Pac. 1123; Ogden v. Payne, 5 Cowen 16; Hooker v. Rogers, 6 Cowen 577; Peck v. Lovett, 41 Cal. 423; Lecesne v. Cottin, 9 Martin, La. 454; 4 Enc. P. & P. 824, 828, 829, 840 and cases cited; 3 Graham and Waterman on New Trials, 894; Light v. Richardson, 31 Pac. 1123; Smith v. Brand, 44 Ga 588.

    Where the policy provides that it shall be forfeited upon the failure of the assured to pay the annual premium ad diem, or to pay at maturity his promissory note therefor, the acceptance by the company of the note, although a waiver of such payment of the premium, brings into operation so much of the condition as relates to the note. The failure to pay or tender the amount due on the note is fatal to a recovery on the policy.   Thompson v. Insurance Co., 104 U. S. 252; Iowa Life Ins. Co. v. Lewis, 187 U. S. 335.

    Where the evidence as to the truth of the statements in an application for insurance is conflicting or doubtful, it must be submitted to the jury, and the court can not direct a verdict.   Mouler v. American Life Insurance Co., 101 U. S. 708; Texas & P. Ry. Co. v. Cox, 145 U. S. 593; Dunlap v. Northeastern Ry Co., 130 U. S. 649; Foot v. Aetna Life Ins. Co., 61 N. Y. 571; Caruthers v. Kansas Mut. Life Ins. Co., 108 Fed. 487; John Hancock Mut. Life Ins. Co. v. Houpt, 113 Fed. 572; N. Y. Life Ins. Co. v. Fletcher, 117 U. S. 519; In Leonard v. State Mutual Life Assurance Co., 51 Atl., R. I. 1048.

    After a party has moved the court that the jury be

Perea v. Insurance Co.

instructed to render a verdict in his favor, he must, if the court denies his motion, specifically request that there be submitted to the jury the questions of fact which he desires to have so submitted. Standford v. Magill, 38 L. R. A., N. D., 772; Sutter v. Vanderveer, 25 N. E., N. Y., 907; Buetell v. Magone, 157 U. S. 154; Empire State Cattle Co. v. A. T. & S. F. Ry. Co., 147 Fed. 457; Sigma Iron Co. v. Greene, 88 Fed. 210; McCormick v. Bank, 142 Fed. 132.

NEILL B. FIELD for Appellee.

The action of the court in refusing to delay the case is not subject to review. Territory v. McFarlane, 7 N. M. 425; 4 Enc. P. & P. 827; Territory v. Padilla, 12 N. M. 6; Territory v. Leary, 8 N. M. 187; Waldo v. Beckwith, 1 N. M. 185, 186; Thomas v. McCormick, 1 N. M. 371, 372; Pierce v. Engelkemeier, 61 Pac., Ok., 1048; Keegan v. Donnelly, 52 Pac., Colo., 292; Association v. Hitchcock, 4 Kan. 36; Adamek v. Mfg. Co., 64 Minn. 304, 66 N. W. 981; Condon v. Brockway, 41 N. E., Ill., 634; Baumberger v. Arff, 31 Pac., Cal., 53; Zelinsky v. Price, 36 Pac., Wash. 28.

The first annual premium on the policy sued on was paid in full to the company. Miller v. Life Ins. Co., 12 Wall. 285; Berliner v. Travelers' Ins. Co., 121 Cal. 451; Van Warden v. Assurance Society, 99 Iowa 621; Griffith v. Life Ins. Co., 101 Cal. 627; Lebanon Mut. Ins. Co. v. Hoover, Hughes & Co., 113 Pa. St. 591; Boehen v. Williamsburg City Ins. Co., 90 Am. Dec. 787, 35 N. Y. 131; Farnum v. Phoenix Ins. Co., 83 Cal. 246; Insurance Co. v. Block, 109 Pa. St. 535.

The court may withdraw a case from the jury altogether and direct a verdict for the plaintiff or defendant, as the one or the other may be proper, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. Marande v. Texas & Pac. Ry. Co., 184 U. S. 191; Insurance Co. v. Trefz, 104 U. S. 203; Empire State Cattle

Co. v. A. T. & S. F. R. R. Co., 28 S. C. R. 607; McGuire v. Blount, 199 U. S. 142; So. Pac. Co. v. Poole, 160 U. S. 438; Mutual Ben. Life Ins. Co. v. Robinson, 58 Fed. 723; Brown v. Metropolitan Life Ins. Co., 65 Mich. 306.

## STATEMENT OF FACTS.

This is an action to collect the amount due upon a life insurance policy issued by appellant to Pedro Perea. The defense interposed was: (1) that in response to the question No. 16 by the medical examiner of the appellant, as follows: "Have you consulted a physician within the past two years for anything trivial or otherwise?" the said Perea answered as follows: "Once last year for malarial fever," and that said answer of the said Perea was false in this: that in the year, 1904, the said Perea consulted a physician for dyspepsia and indigestion; (2) that in response to the question No. 17 by the same medical examiner, as follows: "Have you ever had any of the following diseases; * * * dyspepsia, or indigestion"? the said Perea answered "No," and that said answer was false in this: that prior to the making of said application for a policy of insurance to the appellant, the said Perea had been afflicted with indigestion and had been treated for said disease by a well known physician; (3) that in response to question No. 18, by the said medical examiner, as follows: "State particulars of any illness, constitutional disease or injury you have had, giving date, duration and remaining effects, if any," said Perea answered: "Malaria in August, 1903, and July, 1904, slightly, no results," and that said answer was false in this: that in 1904 the said Perea was afflicted with, and received medical attention for, the disease of indigestion; (4) that in response to questions 18a and 18 b as follows: 18 a, "When did you last consult a physician?" 18b, "For what?" the said Perea to questions 18a answered: "July, 1904," and to question 18b, he answered, "Malaria," and that said answer to 18b is false in this: that the said Pedro Perea consulted a physician for indigestion in 1904; (5) and that the said Perea gave his promissory note for a large part of the first year's premium on said policy and that when

note became due, he failed, neglected and refused to pay
the same, and that consequently, under the provisions of
the policy, the said policy became null and void.  Plaintiff
replied, alleging the truth of the several answers of said
Perea, and alleged that long before the death of the insured,
the appellant had· received without objection the first an-
nual premium in full and the note had been paid.  It ap-
pears that the date of the policy is July 30, 1905, and that
the insured died January 11, 1906, of hemorrhage due to
ulceration of the stomach.  At the close of the trial both
parties moved for verdict, and appellant in addition pre-
sented instructions relating to the facts adduced in proof.
The court directed a verdict for appellee and judgment was
awarded thereon.

### OPINION OF THE COURT.

PARKER, J.—1.  The first proposition presented
is that the court erred in refusing to grant a continuance
to a later day in the term.  Appellant made a motion for
continuance based upon two grounds: (1) Absence of lead-
ing counsel for appellant, who was familiar with all the
facts, and upon whom local counsel relied for that reason;
(2) absence of two witnesses in Santa Fe, physicians,
whose knowledge of the insured's physical condition prior
to the issuance of the policy had just come to the atten-
tion of counsel.  A supplemental motion for a continu-
ance to a later day in the term was filed on account of the
absence of another witness, but this witness later appeared
and testified.  The court overruled the motion for a con-
tinuance.

It appears that thirty days prior to the term the case
was noticed for trial by counsel for appellee by filing with
the clerk notice to that effect.  It does not affirmatively
appear that this notice was served directly on counsel for
appellant, but we conclude it was for the reason that the
whole tenor and effect of the motion for continuance, and
the affidavit in support thereof, as well as some colloquy
between counsel and the court in discussing the motion,
leaves one with the impression that counsel for appellant
relied solely upon the exigencies of an ordinary term of

court and the fact of notice is not specifically denied in the affidavit. We have, therefore, a condition of case where counsel for appellant merely speculated on the probable course of events of the term, and where he took no means to have associate counsel present until on the first day of the term, when he undertook to obtain his presence by wire. This will not do.

In so far as the motion is concerned in regard to the witnesses in Santa Fe, it is sufficient to say that when the court asked if he desired a continuance until the next day to have them present, he declined to say he did. This case emphasizes the salutory rule that motions for continuance are ordinarily to be decided by the trial court, and his discretion, viewed from the facts, is not ordinarily to be reviewed. Territory v. Padilla, 12 N. M. 6.

2. It appears that the insured gave his note to the insurance solicitor, the agent of the appellant, for a large portion of the first annual premium and that the appellant charged the part of the premium due to it to the agent at once and issued the usual receipt to the insured. The note was not payable to the appellant but to the agent personally. Appellee offered to show the date of payment of the note but the proof was excluded as immaterial. The policy contains the following provision: "If any note or other obligation given for the first year's premium, or any part thereof, on this policy shall not be paid when due, then this policy contract shall be and become null and void without any notice or action of the company notwithstanding any receipt which may have been given for such premium."

Appellant contends that this provision, together with the failure to pay the note at maturity, which it offered to prove, worked a forfeiture of the policy and all rights thereunder and cites Thompson v. Insurance Co., 104 U. S. 252, and Iowa Life Insurance Co. v. Lewis, 187 U. S. 335, in support of this contention. It appears that in each of these cases the note for the premium was given directly to the insurance companies and there were no circumstances surrounding the transaction showing a waiver

on their part. Appellee contends that in this case all of the facts show an absolute waiver if, indeed, the forfeiture clause in the policy has any application whatever. As above seen, this insurance company did not concern itself with the collection of the first premium of the insured at all. As soon as it issued a policy, it charged to its agent the part of the premium due to it, and it was immaterial to it how the premium was paid to the agent or whether it was paid at all. Defendant entrusted to its agents the discretion of collecting in advance or in giving such credit as they saw fit, holding them alone responsible for the premium. Under such circumstances, it may well be doubted whether the note in question was a note given for the first year's premium within the meaning of the forfeiture clause of the policy. The conduct of the insurance company in charging the premium to the agent and the **2** act of the agent in taking a note to himself, operated as a transfer of the insured's indebtedness to the agent, and consequently as a payment to the company. Fidelity Co. v. Willey, et al., 80 Fed. 497; Mutual Life Insurance Co. v. Logan, 87 Fed. 637; Griffith v. N. Y. Life Insurance Co., 101 Cal. 640; 25 Cyc. 827.

We, therefore, hold that the contention of appellant is not well founded.

3. The last contention of appellant is that the court erred in instructing the verdict for appellee. This is based upon the proposition that there was sufficient evidence adduced to support a finding by the jury that some of the answers of the insured to the medical examination were false and, consequently, that the contract of insurance was avoided. The questions and answers have been heretofore given. It is to be noticed that no question was raised by the answer of appellant as to the truthfulness of the answers of the insured in so far as they relate to the number of consultations with a physician and the frequency of illnesses. The answer relied in each instance upon the fact that the insured had consulted a physician and had been treated for dyspepsia and indigestion, which he had denied. The testimony upon this point, consists wholly, as we view it, of the testimony of Dr. Richard Lund,

the medical examiner of appellant, and the physician who attended the insured from time to time both prior and subsequent to the time of the issuance of the policy. We have carefully examined his testimony and believe the substance and effect of the same to be as follows: That the insured never suffered from the *disease* of dyspepsia or indigestion; that the manifestations of indigestion were symptomatic and the result of malarial poisoning; that the manifestations were of an acute form, passing away in a few days, and were in no sense a disease and led to no impairment of health. The physician also testified that according to the best of his knowledge and belief, that the answers of the insured were true. It is true he does state that in one instance the insured had acute indigestion without malarial symptoms, but throughout his testimony he adhered to the proposition that malaria was the disease present and indigestion in an acute form the result and the accompanying symptom.

Another physician, Dr. P. G. Cornish, was called as a witness for the purpose of establishing the falsity of the insured's answers. He was called into consultation by Dr. Lund, the previously named witness, during the insured's last illness, and testified that he diagnosed his condition as hemorrhage due to an ulceration of the stomach. It was sought to show by him that the condition which he found must have existed for a long time prior and must have been present at the time the answers were given, and was caused by indigestion. A careful examination of his testimony, however, fails to give it that effect and he refused to say how long the trouble which caused the hemorrhage had prevailed, or what, in his opinion, caused it.

It cannot be said, therefore, that the evidence furnished any basis for the submission to the jury of the truth or falsity of the answers of the insured. It appears, on the other hand, that the answers of the insured were true. It follows that the action of the court in instructing a verdict for appellee was correct.

There being no error in the record, the judgment of the lower court will be affirmed; and it is so ordered.