No. 20,053.

MAUD L. MARSHALL, *Appellee,* v. THE FARMERS & BANKERS LIFE INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. INSURANCE—*Premium Note—Only Extension of Time For Payment of Premium—Default in Payment—Policy Avoided.* Where a promissory note is taken for a premium on a life insurance policy, and the insurance policy provides that the note is not to be considered as a payment of the premium but only an extension of time for payment and that a failure to pay the note at maturity shall forfeit the policy, a default in payment of the note relieves the insurance company from payment of the policy.

2. SAME—*Premium Note—Payable to Agent—Delivered to Company—Property of Company Ab Initio—Default in Payment—Policy Avoided.* Where a promissory note is taken for a premium on a life-insurance policy, payable to the agent of the insurance company, and is received by him as agent for the company and delivered by him to the company, the insurance company is the owner of the note from the inception of the transaction, and if the note is not paid to the company at maturity, the forfeiture clause in the policy for nonpayment of the premium note will protect the insurance company.

3. SAME — *Premium Note — Payable to Agent — Agent Conditionally Charged with Company's Share of Premium—Note Property of Company Ab Initio — Default in Payment — Policy Avoided.* Where a premium note is taken by the agent of an insurance company in his capacity as agent and the note is delivered to the company, and by an arrangement between the agent and the company he is conditionally charged with the company's share of the premium, the charge to be remitted if the note is not paid, the premium note belongs to the in-

surance company from the inception of the transaction, notwithstanding that it is payable to the agent; and where the policy issued to the maker of the note provides that the obligation of the policy shall be void unless the note is paid at maturity, a failure of the assured to pay the premium note avoids the policy.

4. SAME—*Premium Note—Payable to Agent—Credit Not Extended by Agent—Default in Payment—Agent Liable for Medical Examination Fee—Policy Avoided.* A life insurance policy was issued to the husband of the plaintiff beneficiary. The policy provided that it should be void if any premium or premium note was not paid when due. The insured gave his note for the first premium, defaulted in its payment and soon after died. The note was made payable to the agent of the insurance company, but it was admitted that he merely received it in his capacity as agent and that he delivered it to the company. It was also admitted that for the convenience of the insurance company and its agent, and agreeable to an understanding between them, when a premium note was taken for an insurance policy the agent should be conditionally charged with the company's share of the premium and that the charge should be remitted if the note was not paid, but that in such case the agent should pay the medical fee for examining the applicant for the policy: *Held*, that the insurance company was interested in the premium note as owner from the inception of the transaction and that these admissions show that credit was not independently extended to the applicant by the agent on his own responsibility and that by the plain terms of the policy the default of the insured to pay the premium note when due relieved the insurance company from liability on the death of the insured.

5. SAME—*Claim Compromised—Settlement Sustained.* The allegations of fact and admissions of facts relating to a settlement of a debatable liability on an insurance policy examined and the settlement sustained.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed July 8, 1916. Reversed.

*James Lawrence*, of Wellington, and *J. A. Brubacher*, of Wichita, for the appellant.

*W. W. Schwinn*, of Wellington, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant issued a life insurance policy to Guy G. Marshall and the plaintiff was named as beneficiary. Marshall gave his promissory note for the amount of the first premium, $41.72, due in ninety days, payable to C. C. Alexander, the defendant's local agent, who turned it over to

the company. Marshall defaulted in the payment of the note and died a few months later. Some days after his death, an attorney for the insurance company called on Mrs. Marshall, the plaintiff, and informed her that the defendant had never received anything on the policy, and that the policy was void. He showed the plaintiff the note given by Mr. Marshall to Alexander and stated that the note belonged to the defendant and was given in payment of the first premium; but the defendant's attorney also told her that his company desired to do something for her as a matter of good will. The attorney offered to pay the funeral expenses, $154.50, and surrender the note to plaintiff if she would surrender the policy and receipt it in full. Relying on these statements of defendant's attorney, Mrs. Marshall accepted this proposition and the bargain was carried out accordingly. Some months afterwards the plaintiff filed this action, setting up these facts and alleging that she would not have accepted the $154.50 and the note and would not have surrendered the policy or have given a receipt except for her belief in the attorney's statements. The petition further alleged that these statements were untrue and known by the insurance company to be untrue when made and that they were made to induce the plaintiff to surrender the policy and for the purpose of wrongfully avoiding the payment due to her thereunder, and that she was misled and deceived. She prayed judgment for the face of the policy less the sum paid her in the settlement.

The insurance company answered setting up the written application of the deceased, in which was the following:

"(10. That if any note or other obligation is taken for any premium or part thereof, such note or obligation shall not be a payment thereof, but only an extension of time of payment of the same, and failure to pay said note or other obligation at maturity shall work a forfeiture of all previous payments, except as provided in the policy.)"

The answer also pleaded the following clause in the policy:

"Failure to pay any premium or any note or interest thereon given in extension of the time of payment of any premium on this policy, when due, shall, except as herein otherwise provided, void this policy and forfeit all premiums paid hereon to the company, and terminate and forfeit the insured's right to pay any further premiums hereunder; provided, however, that such voidance shall not operate to relieve the insured of the payment of the earned portion of any such note or interest, if any," etc.

Marshall v. Insurance Co.

The answer also pleaded the settlement and alleged that it was made with counsel for plaintiff and with their approval.

Other paragraphs of the answer read:

"(2) That while said Alexander took said note payable to his order, nevertheless he took the same as the agent of defendant, and as such agent turned the same over to the defendant all in conformity with and subject to the provisions of the application for and the terms of said policy.

"(8) Defendant admits that on or about the date when said policy was issued it charged its said agent, the said Alexander, on its books with $12.52, being the amount of the premium which it would have received in cash after the payment to the said agent of his commission for obtaining said insurance had said premium been paid in cash or had said note been paid when due; but defendant states that said charge was not considered or regarded by defendant or its said agent as a payment of said premium or any part thereof, but was made with the understanding and agreement that in the event said note was not paid when due, by the insured, then said charge against the said agent should, and would be, and was reduced to the amount of the medical fee for examining the insured, to-wit, the sum of $5. And defendant states that the said Alexander never paid the same or any part thereof, and that said charge aforesaid, with the credit thereon as aforesaid, was made in accordance with certain contractual relations and understandings based upon good and sufficient considerations between said defendant and its said agent, and for their mutual protection, advantage, and benefit, and for the use and benefit of no one else; and in making said charge against the said agent upon its said books, it was not the intention of the defendant or of its said agent to in any manner vary, contradict, alter, or change the written agreement existing between the insured and the defendant, as contained in said application and said policy of insurance."

The court gave plaintiff judgment on the pleadings for the full amount of the policy less the sum of $154.50 paid in the settlement and less, also, the sum due on the unpaid premium note.

Since this judgment, at first blush, appears to be erroneous, we will lay aside the usual order of consideration and endeavor by the aid of plaintiff's brief to find grounds to sustain it. Her counsel says:

"It was solemnly admitted by counsel that he made a false statement on a material matter, affecting the rights of the parties, at the time he obtained the surrender of the policy and the delivery of the receipt; and it must be presumed that he made the false statement for the purpose of obtaining the policy and the receipt. . . . It was the statement that

the note had been given to the company that made all the difference. If that statement had been true, the appellee could not have made any claim under this policy, worded as it was."

We search in vain, however, for the admission of any false statement, material or otherwise. Indeed, the allegations concerning the false statements are general and not specific. Every statement of fact made by the insurance company's attorney to Mrs. Marshall appears to be abundantly corroborated by the admitted pleadings. Alexander took the note as agent for the company. The company owned it from the inception of the transaction; it had not been paid. The plaintiff's motion for judgment admits the truth of defendant's answer. The failure to pay the premium note when due avoided the policy. The methods of the company and its agent in adjusting their business dealings were no concern of the policyholder or of his beneficiary. Those methods and relations of principal and agent were pleaded, and admitted by plaintiff as true. For their own convenience, upon the issue of the policy an item representing the company's division of the premium was conditionally charged against the agent's account, but the charge was not considered between the company and its agent as a payment of the premium, but was made with the understanding and agreement that if the insured did not pay the note when due then the charge against the agent would be remitted, less the amount of the medical fee for examining the insured, and that this contractual arrangement between the company and its agent was for their mutual protection and advantage and not made with the intention of the company or its agent to alter the written agreement between the insurance company and the policyholder.

With such allegations of fact admitted, judgment could not be rendered against the company. If the policy had been issued on Alexander's credit and not on that of the insured, or if the company had made an absolute acceptance of Marshall's note to Alexander in payment of the premium, we would have a different situation to consider. But the motion for judgment admitted everything—admitted the business arrangements of the agent and the company, admitted that Alexander took the note merely as agent for the company, admitted that both the agent and the company had an interest in the note—the com-

pany's proportion and the agent's commission—if the note were paid, and the agent's liability to reimburse the company for the fee of the medical examiner if the premium note was not paid. In such a relationship it was of no controlling consequence that the note was made payable to the agent and not to the company. (*Nickelson v. Dial,* 77 Kan. 8, 13, 93 Pac. 1133.) Nothing is pleaded from which it might be inferred that the agent was to extend credit to the insured on his own account; and the defendant's pleading, admitted to be true by the motion for judgment, is to the contrary.

The decided cases generally hold that liability on an insurance policy can not be avoided although the premium note which was made payable to the agent and not to the company was not paid, even though the premium note referred to the policy and provided that the policy would be void unless the note was paid. (*Insurance Co. v. Hardie,* 37 Kan. 674, 16 Pac. 92.) In *Perea v. Insurance Co.,* 15 N. Mex. 399, 110 Pac. 559, the note was payable to the agent and the premium was charged to him by the company. The court said:

"Defendant entrusted to its agents the discretion of collecting in advance or in giving such credit as they saw fit, holding them alone responsible for the premium. Under such circumstances, it may well be doubted whether the note in question was a note given for the first year's premium within the meaning of the forfeiture clause of the policy." (p. 405.)

Other cases cited are to the same effect, and there ought not to be any serious debate that if the agent extended the credit on his own responsibility, and if the insurance company was to look to the agent and not to the insured for the payment of its proportion of the premium, the policy would be enforceable against the company whether the premium or premium note were paid or not. (16 A. & E. Encycl. of L. 859.)

This is not the situation before us, however, and the harsh rules against life insurance companies should not be further extended without positive legislation to support them. As Justice Burnett said in a dissenting opinion in *Cranston v. West Coast Life Ins. Co.,* 72 Ore. 116, 139, 142 Pac. 762, 769: "It is wrong to take something for nothing even from a life insurance company." Under the petition and answer the de-

fendant was entitled to judgment; and since there was a compromise and settlement free from fraud or misrepresentation, and nothing is left upon which to order a new trial, the cause must be remanded with instructions to set aside the judgment and to enter judgment for defendant.