No. 25,386.

Ruby Pauline Balch, *Appellant*, v. Federal Life Insurance Company, *Appellee*.

SYLLABUS BY THE COURT.

Health and Accident Insurance—*Time Definitely Fixed in Policy for Its Termination—Renewal Permitted Only on Payment of Premium in Advance—Construction of Statutes.* A health and accident insurance policy issued for a period of three months, to terminate at noon on a definite date named in the policy, which provides that it may be renewed for another three months on the payment in advance of the premium for that length of time, but which provides that it shall continue in force only so long as the full premium shall be paid in advance, is not controlled by sections 40-332 and 40-333 of the Revised Statutes of 1923, and terminates without notice at the expiration of the time for which premium is paid.

Appeal from Johnson district court; Jabez O. Rankin, judge. Opinion filed July 5, 1924. Affirmed.

*George H. West, P. W. Croker,* and *H. J. Emerson,* all of Kansas City, for the appellant.

*J. E. McFadden, O. Q. Claflin, Jr.,* of Kansas City, *C. W. Gorsuch,* of Olathe, and *Ross J. Ream,* of Kansas City, Mo., for the appellee; *C. A. Atkinson,* of Chicago, Ill., of counsel.

The opinion of the court was delivered by

Marshall, J.: The plaintiff sued to recover on a health and accident insurance policy issued to Clyde C. Balch, her husband, who was killed on September 30, 1921, by being struck by a railroad

train. Judgment was rendered in favor of the defendant on its demurrer to the petition of the plaintiff, who appeals.

The policy was dated March 27, 1919, and contained, among others, the following provisions:

"This policy provides indemnity for loss of life, limb, sight or time by accidental means, and by loss of time by disease to the extent herein provided. Federal Life Insurance Company. . . .

"In consideration of the application herefor, . . . subject to all the limitations and conditions herein contained, does hereby insure Clyde Charles Balch, . . . against loss resulting from bodily injuries, effected, directly and independently of all other causes, through external, violent and accidental means . . . and against disability by disease as specified in the following schedules. . . .

"If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the premium by the company or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance. . . .

"1. This insurance begins and ends at twelve o'clock noon, standard time of the place of residence of the insured.

"2. This policy, provided the first quarterly payment has been made to the company or its duly authorized agent, shall take effect at twelve o'clock noon standard time at the place of residence of the insured of the date hereof, and shall continue in force only so long as the full premiums hereon are paid in advance on or before twelve o'clock noon, said standard time, as required by the terms of this policy, to the company at its home office in Chicago, Illinois, or to the person designated in writing by the company to receive them, without notice. The company will not be liable for any disability occurring while any premium or part thereof is past due and unpaid."

"7. Strict compliance on the part of the insured and beneficiary with all the terms and provisions of this policy is a condition precedent to recovery hereunder, and any failure in this respect will forfeit to the company all rights to any indemnity. . . .

"9. In consideration of the payment of the premium of $10.80 for a term of three months, this policy takes effect at twelve o'clock noon standard time where the insured resides on the date of this policy, and terminates at noon on the 27th day of June, 1919, and may be renewed, subject to all provisions of this policy, from term to term by the payment of quarterly premiums of $8.30 each in advance."

The petition shows that the defendant refused to pay the loss on the policy because the premiums due on June 27, 1921, and on September 27, 1921, had not been paid. It does not allege that those premiums were paid. The petition alleges:

"Plaintiff avers that no notice from defendant concerning the forfeiture or cancellation of said policy on account of nonpayment of premium was sent

to the insured other than a card, a copy of which, marked "Exhibit B," is hereto attached, by which the defendant stated and represented to the deceased and plaintiff that said policy was not in effect from and after June 27. 1921, on account of nonpayment of premium due on that date. . . .

"And by said notice the defendant attempted to cancel said policy for nonpayment of premium and repudiated and renounced its liability under such policy."

The card mentioned as exhibit B in the petition contained, among other things, the following:

"The records of this company show that you have not paid the premium of $8.90 due June 27, 1921, on your policy No. 51743. You hereby are notified that the insurance under said policy has not been in effect from said date. . . .

"This oversight on your part may cause you serious loss. You may escape this by prompt action. Follow suggestion on reverse side of this card.

"Do it now! To-morrow may be too late."

The plaintiff contends that the policy issued to Clyde C. Balch was governed by sections 40-332 and 40-333 of the Revised Statutes. Part of section 40-332 reads:

"It shall be unlawful for any life insurance company other than fraternal doing business in the state of Kansas to forfeit or cancel any life insurance policy on account of nonpayment of any premiums thereon, without first giving notice in writing to the holder of any such policy of its intention to forfeit or cancel the same."

Part of section 40-333 reads:

"Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policyholder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policyholder to the address last known by such company, in which to pay such premium, and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for shall be null and void."

A life insurance policy ordinarily is one issued to be paid on the death of the person insured, after payment of stipulated annual premiums; that is the kind of policy governed by the quoted sections of the statute. If a policy provides for its termination at a particular time, it terminates at that time without any notice, so far as the statutes quoted are concerned. The policy in controversy provided that it terminated on June 27, 1919, but provided that it might be renewed for periods of three months each on the payments of quar-

terly premiums of $8.30 in advance. This policy terminated at the expiration of each three months' period for which the premium had been paid unless an additional premium for an additional three months was paid before the expiration of the three months during which the policy was effective. Sections 40-332 and 40-333 of the Revised Statutes do not apply to this policy. According to the allegations of the petition the policy had terminated on June 27, 1921, more than three months before the insured met his death. For this reason the petition did not state a cause of action.

Other matters are argued by the plaintiff, but it is not necessary to discuss them.

The judgment is affirmed.