EDITH ATKINSON, ASSIGNEE, APPELLANT, V. METROPOLITAN LIFE IN-
SURANCE COMPANY, A CORPORATION, RESPONDENT.—131 S. W. (2d)
918.

Kansas City Court of Appeals.   June 19, 1939.

*James D. Pouncey* for appellant.

*William C. Michaels, Robert E. Coleberd* and *Albert L. Reeves, Jr.,* for respondent.

*Harry Cole Bates* and *Michaels, Blackmar, Newkirk, Eager & Swanson* of counsel.

SPERRY, C.—This is a suit on a life insurance policy issued by Metropolitan Life Insurance Company, designated as defendant, to Baker Smith, designated as insured, and assigned after death of insured to Edith Atkinson, designated as plaintiff. A jury was waived and trial to the court resulted in verdict and judgment for defendant. From an adverse ruling on her motion for new trial plaintiff prosecutes this appeal.

The material facts are not in dispute. Insured, while residing in Kansas City, Missouri, in November, 1930, applied for the policy sued on and paid two dollars on account of the first quarterly premium, the full amount thereof being $9.06. Before delivery of the policy insured moved to Wichita, Kansas, where same was delivered

to him and he then and there paid the balance due on the quarterly premium. It is stipulated between the parties that this first quarterly premium is the only premium over paid. Insured died November 21, 1934.

There is but one question of law involved. Plaintiff contends that defendant did not notify insured of intention to cancel the policy, as provided by statutes of the State of Kansas, and that, therefore, the policy remained in full force for more than three and one-half years after the payment of the only quarterly premium paid.

The statutes upon which plaintiff relies are sections 40-410 and 40-411, General Statutes of Kansas, 1935, to-wit:

"40-410—CANCELLATION OF POLICY FOR NONPAYMENT OF PREMIUMS; NOTICE. It shall be unlawful for any life insurance company, other than fraternal, doing business in this state within six months after default in payment of any premium or installment of premium, to forfeit or cancel any life insurance policy on account of nonpayment of any such premium or installment of premium thereon, without first giving notice in writing to the insured under such policy of its intention to forfeit or cancel the same: *Provided however,* That this section shall not apply to any policy under the terms of which the premium is to be paid weekly, biweekly or monthly and under which a grace period of at least four weeks is granted for the payment of every premium after the first, during which time the insurance shall continue in force; and shall not apply to general or blanket contracts insuring groups of lives. (L. 1927, ch. 231, par. 40-410; June 1.)

"40-411. NOTICE OF INTENTION TO CANCEL POLICY FOR NONPAYMENT OF PREMIUM; TIME FOR PAYMENT. Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the insured under any such policy that the premium thereon, stating the amount thereof is due and unpaid, and of its intention to forfeit or cancel the same, and such insured shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such insured to the address last known by such company, to pay such premium: *Provided,* That in lieu of the notice hereinbefore provided, in the case of policies providing for a period of grace of not less than thirty days, or one month, for the payment of premiums and containing any provision for cancellation or forfeiture in case of nonpayment of premiums at the end of such period, the insurance company may, not more than thirty days prior to the date specified in such policy when any premium will become due and payable without grace, in like manner notify the insured under any such policy, of the date when such premium will fall due, stating the amount thereof, and its intention to forfeit or cancel the same if such premium be not paid within the period of

grace provided in the policy; and any attempt on the part of such insurance company, within six months after default in the payment of any premium, to cancel or forfeit any such policy without the notice herein provided shall be null and void. The affidavit of any responsible officer, clerk or agent of the corporation authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be *prima facie* evidence that such notice has been duly given. [L. 1927, ch. 231, par. 40-411; June 1.]"

It is defendant's contention that the judgment of the trial court should be upheld for two reasons, the first of which is that "the Kansas statute does not concern itself with the question of notice after the expiration of the six months period," and that, since premiums on the policy were in default for about three and one-half years at the time of insured's death he was not insured by defendant at the time of his death, the insurance automatically lapsing because of non-payment of premiums.

When the law of a sister State is pleaded we will take judicial notice of the statutes and judicial decisions of said State. [Sec. 806, R. S. Mo. 1929.] The judicial construction of a statute, as interpreted by the courts of Kansas, are a part of such statute. [Ramey v. Missouri Railway Company (Mo.), 21 S. W. (2d) 873, l. c. 877.]

The Supreme Court of Kansas said, Wegner v. Federal Reserve Life Insurance Company, 130 Kan. 600, l. c. 604: "The statute in force at the time this policy was written (Laws 1925, ch. 184), as well as the later act which superseded it (Laws 1927, ch. 231, secs. 40-410, 40-411), *did not* forbid the cancellation of an insurance policy *with or without notice* where the default in payment of premium has existed for *over* six months." (Italics ours.) The statute above referred to is the one here involved. That court, in the case of Pedersen v. United Life Insurance Company, 139 Kan. 695, a decision strongly relied on by plaintiff, had under consideration a situation where the insurance company had notified insured of its intention to cancel his policy for failure to pay dues. The notices there given and relied on by defendant were held to be *insufficient* to meet the requirements of the statute, as such requirements had previously been defined. The court held that the attempted cancellation, prior to expiration of the six months period, was ineffective and, on page 698, said: "R. S. 1933 Supp. 40-410 prescribes the requisites of such a notice and also the time and method for terminating policies which give a grace period of one month and which contains any provision for cancellation or forfeiture in the case of nonpayment of premiums. Failing to conform to the requirements to cancel or forfeit the policy, the insurance contract could not be terminated 'within six months' for default of payment of premium." Thus, in this case also, it will be seen that the Kansas court apparently thought that the clear and

unambiguous language of the statute, relative to this point, required no interpretation and that it means what it says, to-wit: A policy cannot be forfeited *within six months* after default in payment of the premium unless a notice is given. We therefore hold that the courts of Kansas have, in effect, declared that the statute in question has no application whatever to a policy after the premium thereon has remained in default for a period of more than six months, as in the case at bar.

Since the statute in question has no application whatever to the case here under consideration, the only question we have to determine is whether plaintiff can recover on a policy of life insurance upon which but one quarterly premium, the first, has ever been paid, when it is admitted that insured died three and one-half years after the second quarterly premium became due, it being further admitted that said second quarterly premium, and all others falling due thereafter and prior to death of insured are in default.

The policy contained the following provisions:

"This Policy is issued in consideration of the Application therefor, copy of which Application is attached hereto and made part hereof, and of the payment for said insurance on the life of the above named Insured, of Nine Dollars and Six cents, (which maintains this Policy in force for a period of 3 months from its date of.issue, as set forth below) and of the payment hereafter of a like ¼ ·Annual premium on each 26th day of FEBRUARY, MAY, AUGUST AND NOVEMBER (hereinafter called the due date), until Fifty-Two full years premiums shall have been paid or until the prior death of the Insured."

. . .

"The payment of a premium shall not maintain this Policy in force beyond the due date when the next premium is payable, except as hereinafter provided.

"A grace period of thirty-one days, without interest charge, will be granted for the payment of every premium after the first, during which grace period the insurance shall continue in force, but if the Insured dies during such period the portion of the unpaid premium for insurance for the current policy month shall be considered as an indebtedness to the Company for which this Policy is security. If the premium shall have been paid for the period during which the death of the Insured occurs, then, if such period be greater than one month, the Company will pay, in addition to the amount otherwise payable under this Policy, that portion of such premium applicable to the policy month or months subsequent to the policy month when death occurred."

These provisions of the policy specifically state the period of time for which a quarterly premium payment could continue the policy in force, and that insurance coverage stops when premium payment ceases.

In Balch v. Life Insurance Company, 116 Kan. 560, 227 Pac. 326, the court said:

"This policy terminated at the expiration of each three months' period for which the premium had been paid unless an additional premium for an additional three months was paid before the expiration of the three months during which the policy was effective."

In Minnesota Mutual Life Insurance Company v. Cost (10 C. C. A.), 72 F. (2d) 519, the policy, a Kansas contract, contained a provision that "the payment of any premium or instalment thereof shall not maintain the policy in force beyond the date when the next premium or instalment thereof is payable," which provision is substantially identical with the provision in the policy in question. The court, McDERMOTT, J., said:

"Under the heading 'Premiums' the contract provides:

" 'Except as herein expressly provided, the payment of any premium or instalment thereof shall not maintain the policy in force beyond the date when the next premium or instalment thereof is payable.

" 'A grace of one month (not less than thirty days) and without interest therefor, will be allowed for the payment of every premium after the first, during which time the insurance shall continue in force. If death occurs during the period of grace the over-due premium will be deducted from the amount payable hereunder.'

"There are other provisions to which reference might be made, but these are sufficient to put beyond the pals of argument the conclusion that, save for reserve values not present here, the insurance coverage stops when the premiums cease. The institution of life insurance is founded upon the principle that the risk is carried in consideration of premiums paid. The Supreme Court of Kansas has said that 'insurance companies can only survive by the prompt payment of premiums,' (Wolford, Administratrix, v. Nat. Life Insurance Co., 114 Kan. 411, 414, 219 Pac. 263, 264, 32 A. L. R. 1248). The Supreme Court of the United States has said 'promptness of payment (of premiums) is essential in the business of life insurance,' [New York Life Ins. Co. v. Statham, 93 U. S. 24, 30, 23 L. Ed. 789.] To the same effect see Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 559, 23 S. Ct. 538, 48 L. Ed. 788; Bach v. Western States Life Ins. Co. (C. C. A. 10), 51 F. (2d) 191; Jackson v. Mutual Life Ins. Co. (C. C. A. 8), 186 F. 447."

In Mutual Life Insurance Company v. Hill, 193 U. S. 551, 559, an action was brought on an insurance policy where the insured had failed to pay the premiums for a period of four years prior to his death. The court said:

"It is simple justice between two parties to a contract containing depending stipulations that neither should be permitted to exact performance by the other without having himself first performed.

. . . Courts have always set their faces against an insurance company which, having received its premiums, has sought by technical defences to avoid payment, and in like manner should they set their faces against an effort to exact payment from an insurance company when the premiums have deliberately been left unpaid.''

In the last quoted case plaintiff contended, as here, that notice was necessary because the policy contained no provision for cancellation or forfeiture at the expiration of the grace period. The court held that the policy was not *forfeited by defendant,* but that it *lapsed* for failure to pay premiums.

In conclusion, we think the statement contained in Marshall v. Insurance Company, 98 Kan. 502, l. c. 507, adopted by Dawson, J., from Cranston v. West Coast Life Insurance Company, 72 Ore. 116, 142 Pac. 762, l. c. 769:

''But it is wrong to take something for nothing even from a life insurance company, . . .'' is appropriate here. The judgment should be affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.