JACOB STRAUSS, Respondent, *v.* THE UNION CENTRAL LIFE INSURANCE COMPANY, Appellant.

LIFE INSURANCE — FORFEITURE OF POLICY FOR NON-PAYMENT OF PREMIUM MUST BE PRECEDED BY STATUTORY NOTICE. A foreign life insurance company, which has due notice of the assignment of a policy issued by it in this state, cannot forfeit the policy for a failure to pay the premium, without giving the assignee the notice to·pay and of the intention to forfeit if not paid, required by section 92 of the Insurance Law (L. 1892, ch. 690), and the fact that part of the premium when due was paid in cash and the balance by the assignee's note reciting that default in payment would render the policy void, does·not, in the absence of the statutory notice of the maturing premium, entitle the company to insist upon a forfeiture for the non-payment of the note at maturity.

*Strauss* v. *Union Central Life Insurance Co.*, 60 App. Div. 632, affirmed.

(Argued February 20, 1902; decided April 1, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

April 30, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The nature of the action and the facts, so far as material, are stated in the opinion.

*Gilbert E. Roe* for appellant. The premium notice statute of New York only requires notice to be given of stated payments due on the policy, and has no application to a note given for or in settlement of a premium. (*DeFrece* v. *Ins. Co.*, 136 N. Y. 144; *People* v. *K. L. Ins. Co.*, 103 N. Y. 480; *Merriam* v. *K. M. Assn.*, 138 N. Y. 116; *McDougal* v. *P. S. L. Ins. Co.*, 135 N. Y. 551; *Stuart* v. *U. M. L. Ins. Co.*, 155 N. Y. 257; *M. L. Ins. Co.* v. *Bowers*, 42 Mich. 19; *Tabor* v. *M. Ins. Co.*, 44 Mich. 324; May on Ins. § 345; *Goodwin* v. *M. L. Ins. Co.*, 73 N. Y. 480; *Bauholzer* v. *N. Y. L. Ins. Co.*, 77 N. W. Rep. 295; 78 N. W. Rep. 244; *Johnson* v. *N. Y. L. Ins. Co.*, 78 N. W. Rep. 905; 109 N. W. Rep. 708.) Plaintiff for value parted with his statutory right to notice of premium due August 15, 1899, by the adjustment which he made of such premium, and it was entirely competent for him to do so. (Sedg. on Stat. Const. [2d ed.] 86; *Tombs* v. *R., etc., Ry. Co.*, 18 Barb. 583; *Phyfe* v. *Amend*, 45 N. Y. 102; *Matter of Cooper*, 93 N. Y. 507; Cooley's Const. Lim. [6th ed.] 214; Endlich on Interp. of Stat. § 444; Greenhold on Public Policy, 469; *P. Mfg. Co.* v. *Gormally*, 144 U. S. 224; *Griswold* v. *I. C. Ry. Co.*, 90 Iowa, 265; *H. Ins. Co.* v. *Ry. Co.*, 175 U. S. 91; *Matter of Jacobs*, 98 N. Y. 107; *People* v. *Marx*, 99 N. Y. 207; *Pearsall* v. *W. U. Tel. Co.*, 124 N. Y. 256; *Nowak* v. *Waller*, 10 N. Y. Supp. 199.) The forfeiture agreement set out in the note is valid. (*Roehner* v. *K. L. Ins. Co.*, 63 N. Y. 160; *Holly* v. *Ins. Co.*, 105 N. Y. 437; *Fowler* v. *Ins. Co.*, 116 N. Y. 389.) The mailing of the premium notice to Levy at his last known post office address was a compliance with the statute. (*Row* v. *B. L. Ins. Co.*, 16 Misc. Rep. 323; 11 App. Div. 532.)

*Raphael J. Moses* and *Henry B. Heylman* for respondent. The policy requires any note given for any portion of the pre-

mium to be paid at maturity.  The statutory notice must be given thence of the due date of the note.  (L. 1892, ch. 690, § 88.)  The state has the absolute right to exclude foreign insurance corporations from doing business in this state and, therefore, the right to prescribe the terms on which they shall do business if they enter the state.  (*Paul* v. *Virginia*, 8 Wall. 168; *E. L. Ins. Co.* v. *Clement*, 140 U. S. 226.)

O'BRIEN, J.  The plaintiff's action is an appeal to the equitable jurisdiction of the court to reinstate a life insurance policy of which he was the assignee, and which the defendant refused to recognize as an existing contract, on the ground that it had been forfeited for non-payment of premiums.  On the 15th day of August, 1893, the defendant, a foreign corporation, issued a policy to one Isaac Levy for $10,000 upon his life.  The defendant agreed to pay the insured, or his personal representatives, the sum insured at his death, or whenever the premiums paid on the policy and its equitable proportion of the company's profits combined, less its share of losses and expenses, equaled the amount of the policy; and, in case of the death of the insured prior to the maturity of the contract, the same being in force, the company would pay the amount named therein within sixty days after the receipt of notice and satisfactory proof of death, the balance of the year's premium, if any, and of other indebtedness to the company being first deducted.  It is what is called a "term policy," issued upon various conditions, none of which are material except as hereinafter mentioned.  There were eight provisions or conditions indorsed upon the policy, one of which provided that it should be null and void in case any of these conditions were violated by the insured, and that in such case all payments and accrued profits should be forfeited to the company, except as therein provided.  It was provided by the policy that in case the insured failed to pay the premium, or any note given to the company for the same, when due, that the contract should cease and terminate.  The last or eighth condition indorsed upon the policy provided that

after three years from the date of the policy it should be incontestable for any cause, except for violation of the conditions regarding the occupation of the insured, his becoming a drunkard or having delirium tremens, non-payment of premium or of notes given for same, or interest thereon, and misstatements as to age.

The trial court found that, after the issuing of the policy and on the 16th of September, 1893, the insured assigned the same to the plaintiff by an instrument in writing absolute upon its face, but which it seems was intended as security for a debt.    The plaintiff gave notice of the assignment to the defendant and delivered to it a duplicate of the writing.    The annual premium of $606.00 became due on the 15th day of August each year, and it is found that the statutory notice was not sent to the plaintiff, the assignee, but that on the 15th day of August, 1899, the defendant received from the plaintiff one hundred dollars in cash for such premium and the plaintiff's note for $506.00 for the balance, payable in three months; that on the 17th of November, 1899, the defendant received from the plaintiff $163.59 in cash on account of this note and a new note was given by him for the balance of $350.00, payable in three months.    It appears that this note was not paid when due, but it was found that the plaintiff tendered payment of the same to the defendant subsequent to the time that it fell due and that the payment was refused.

Upon these findings of fact the trial court adjudged that the plaintiff was entitled to a judgment reinstating the policy and requiring the defendant, on payment of the amount of the note and interest, to issue its regular annual receipt to the plaintiff.    The Appellate Division has unanimously affirmed the judgment, and hence the facts found at the trial are conclusive upon this court.

The question is whether the plaintiff was entitled to the relief awarded to him by the judgment, and that question depends entirely upon the scope and effect of the statute.    It is provided by section 92 of the Insurance Law, which is a

codification of statutes previously enacted, that " No life insurance corporation doing business in this state shall within one year after the default in payment of any premium, installment or interest declare forfeited or lapsed any policy hereafter issued or renewed and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited, or lapsed, by reason of non-payment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known postoffice address in this state." The statute then provides that this notice shall be served at least fifteen and not more than forty-five days prior to the day when the premium is payable, and prescribes the contents of the notice and the manner of service. This notice, according to the findings, was never served upon the plaintiff, although he had furnished the defendant with a copy or duplicate of his assignment. It is claimed by the learned counsel for the defendant that the failure of the plaintiff to pay the note referred to at the time it fell due justified the action of the defendant in declaring the policy forfeited, notwithstanding the provisions of the statute. In other words, the contention is that the statute does not apply to such a case. It is admitted that the policy itself, when issued and delivered, was within the equity and protection of the statute ; but it is claimed that it has been taken out of both by the transactions between the parties subsequent to the day when the premium fell due, and these transactions consist entirely of the payment by the plaintiff of

23

the portion of a premium in cash and the execution and delivery of his note for the balance.

The defendant had an office in the city of New York, and the note in question was made payable there, and it was stated that it was given for the balance of the premium due on the policy, and that the policy should become null and void on failure to pay the note at maturity. It was also provided in the instrument that in case it was not paid at maturity the full amount of premiums should be considered earned as premiums during its currency, and the note payable without reviving the policy or any of its provisions. The defendant's contention is so manifestly unjust that no court would be inclined to yield to it, except under pressure of argument that is unanswerable, or in obedience to clearly settled law. It does not appear to me that this court is embarrassed with any such obstacles in this case. That the policy is within the equity and protection of the statute is not and cannot be denied. The parties by their contract contemplated that notes might be given for premiums, since they have stipulated that in case of failure to pay such notes when due the policy should become void. The consequence of a failure to pay a note given for the premium when due, is the same as the failure to pay anything. In either case the policy is to be forfeited. It is admitted that if the plaintiff had paid nothing when the premium became due, and had thus made a total default, the statute would protect the policy from forfeiture, since the notice was not served. It is difficult at first view to conceive how the plaintiff, after paying over $250.00 of the premium in cash, and giving his note for the balance, is in any worse position on failure to pay the note when due than he would have been in case he had paid nothing at all. But paradoxical as it may seem, the contention of the learned counsel for the defendant is that payment of a part of the premium in cash and failure to pay the note for the balance on the due day takes the policy out of the protection of the statute and subjects it to forfeiture. His contention is, as we understand it, that the premium was paid

in cash and by note, and that the note contained an independent forfeiture clause which took the policy out of the statute. All this must mean that when the parties repeated in the note the same forfeiture clause that they had stipulated into the policy it thereby acquired such new force and vitality that the statute was impotent to save the policy from destruction. It is difficult to perceive the force of the argument. In the first place, a party does not ordinarily pay his debts by giving his own note on time. Such a transaction generally amounts to nothing more than an extension of time, and when the plaintiff gave his note he did not pay the premium, but procured an extension of the time within which to pay it, and the failure to pay the note on the due day amounted to nothing more than a failure to pay that part of the premium.

It is said, further, that the note became part of the defendant's assets, and was transferable to other parties, and if so transferred could not be paid to the company. Of course it did become a part of the assets, just as the cash payment did. The fact that it was negotiable and payable at a designated place is of no consequence. The reinstatement of the policy does not affect the character of the note as a part of the defendant's assets. The note is just as good after the judgment in this case as it was before. Indeed it is a better note, since the reinstatement of the policy renders its payment certain. This is not a struggle to save assets, but to destroy liabilities. The defendant insists upon retaining and enforcing the note on the one hand and canceling its liability upon a policy for ten thousand dollars upon the other. This position, at first glance, does not seem to be agreeable to equity and the mind does not readily accept the contention that the statute permits it.

The default for which the contract was forfeited was in omitting to pay a premium note at three months from November 15th, 1899. The policy had then run over six years, and, by its terms, was incontestable, except for a failure to pay the *premium* and other specified causes, not material now. It is obvious that defendant, in order to take the policy out of this

saving clause, must contend that the premium was *not* paid; while, for the purpose of taking the policy out of the protection of the statute forbidding forfeitures, it must contend that it was, and thus a glaring inconsistency is presented, which reveals the inherent weakness of the whole contention.

It is often said that the law abhors forfeitures. It is perfectly safe to say that neither law nor equity favors them, and a remedial statute, intended to save contracts of life insurance from forfeiture, should not be construed by the courts with all that narrow rigor that is sometimes applied to the construction of penal statutes. It should receive, at least, a fair construction, and it is plain enough that we cannot do that and at the same time assent to the contention of the learned counsel for the defendant in this case. The only default on the part of the plaintiff was a failure to pay a part of the premium on the due day, and, as the defendant had never served the statutory notice, it was not in a position to work a forfeiture of the policy.

But whether the default was a failure to pay the premium as such, or a note given for the same, is, in our view, of very little consequence, since a default in either respect was a cause of forfeiture under the conditions of the policy. The statute which relieves from a forfeiture in cases where the notice prescribed therein has not been given was, in legal effect, a part of the contract. All contracts are made subject to any law prescribing their effect, or the conditions to be observed in their performance; and, hence, the statute is as much a part of the contract in question as if it had been actually written into it, or made a part of the stipulations. The failure of the plaintiff to pay the note in question was a cause of forfeiture under the terms of the policy, and, therefore, was within the scope of the statute which was intended to prevent that result, unless certain conditions were observed. The fact that the same stipulation was repeated in the note does not change the situation. The plaintiff by giving a note, and thereby procuring an extension of the time for the payment of the balance of the premium, waived no right that he had under the origi-

nal policy. It would require a very clear and a very strong case to justify a court of equity in holding that a statute which was intended to prevent forfeitures had been waived by implication, through some act of the party against whom the forfeiture is claimed. Courts will not imply a waiver of a remedial statute in order to produce the forfeiture of a contract. On the contrary, equity demands that the contract and the rights of the party under it shall be saved, if that result can be accomplished without violating any settled rules of law. We think that both law and equity concur in accomplishing that result in the present case.

The judgment was right and should be affirmed, with costs.

HAIGHT, MARTIN and VANN, JJ., concur; PARKER, Ch. J., GRAY and BARTLETT, JJ., dissent.

Judgment affirmed.