VIRGINIA O'BRIEN, Appellant, *v.* UNION CENTRAL LIFE INSURANCE COMPANY, Respondent.

Insurance (life) — forfeiture of policy for failure of insured to pay notes given for premium — if statutory notice to pay premium has been given before premium becomes due, no notice need be given as to notes given for such premium.

1. Notice is not required under the statute (Ins. Law, § 92; Cons. Laws, ch. 28) prior to notes becoming due which are given for a premium when the statutory notice has been given as required

thereby prior to the premium becoming due. (*Conway* v. *Phœnix M. L. Ins. Co.*, 140 N. Y. 79, followed; *Strauss* v. *Union Central Life Ins. Co.*, 170 N. Y. 349, explained.)

2. It cannot be said that a case is not authority on one point, because, although that point was properly presented and decided in the regular course of the consideration of the cause, some other point was also considered and decided which was alone sufficient to dispose of the whole issue.

*O'Brien* v. *Union Central Life Ins. Co.*, 140 App. Div. 362, affirmed.

(Argued December 2, 1912; decided December 31, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 15, 1910, sustaining defendant's exceptions, ordered to be heard in the first instance by the Appellate Division after the direction of a verdict in favor of plaintiff and granting a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John E. Roeser* for appellant. There can be no forfeiture for non-payment of premium within a year from such payment unless the statutory notice has been duly given. (*McCall* v. *Prudential Ins. Co.*, 98 App. Div. 225; *Strauss* v. *Union Central Ins. Co.*, 170 N. Y. 349; *Fischer* v. *Metropolitan Ins. Co.*, 167 N. Y. 178; *Howell* v. *Hancock Mutual Ins. Co.*, 107 App. Div. 200; 186 N. Y. 556; L. 1906, ch. 326, § 92.) The defendant's right to forfeit the policy for non-payment of the premiums due June 15, 1906, and June 15, 1907, respectively, assuming that the statutory notice was duly given in each instance, was waived by the defendant's issuing the renewal receipt when the said premiums were settled by the giving of notes therefor and by the subsequent conduct of the defendant recognizing the continued validity of the policy, as, for instance, the crediting of a dividend in June, 1907, on the premium which fell due on that date. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410; *De Frece*

v. *Nat. L. Ins. Co.*, 136 N. Y. 144.)   The premium notes are a part of the policy; the statute as to giving notice is also in effect a part of the policy; the two read together make it a condition of forfeiture of said policy that notice in accordance with the statute be given as of the due date of the notes.   (*Strauss* v. *Union Central Ins. Co.*, 170 N. Y. 349; *N. Y. Life Ins. Co.* v. *Orlopp*, 61 S. W. Rep. 336; *F. M. L. Ins. Co.* v. *Mattler*, 185 U. S. 326; *Banholzer* v. *N. Y. L. Ins. Co.*, 77 N. W. Rep. 295; 78 N. W. Rep. 244; *Baxter* v. *B. L. Ins. Co.*, 119 N. Y. 450; *Fischer* v. *Met. L. Ins. Co.*, 167 N. Y. 178; *McDougall* v. *Society*, 135 N. Y. 556; *N. Y. L. Ins. Co.* v. *Dingley*, 93 Fed. Rep. 153; *Schuell* v. *M. L. Ins. Co.*, 53 App. Div. 172; *Howell* v. *Hancock Mutual L. Ins. Co.*, 107 App. Div. 200; *McCall* v. *Prudential Ins. Co.*, 98 App. Div. 225.)

*John N. Blair* for respondent.   The Appellate Division correctly held that the crucial question upon an insurer who has given timely statutory notice of the due date of a premium is not further required by section 92 of the Insurance Law to give similar notice of the several maturities of as many renewal notes as may be given for such premium.   (*Strauss* v. *U. C. Life Ins. Co.*, 170 N. Y. 349; *Stewart* v. *H. L. Ins. Co.*, 146 App. Div. 709.)   Section 92 of the Insurance Law does not require statutory notice to be repeated before the maturities of renewal notes.   (*Conway* v. *Phœnix Ins. Co.*, 140 N. Y. 79; *Bartholomew* v. *Security Mut. L. Ins. Co.*, 204 N. Y. 649.)

CHASE, J.   On June 8, 1905, the defendant delivered to John C. O'Brien a policy insuring his life in the amount of $3,000, with participation in profits for the term of his natural life.   On the delivery of the policy he paid to the defendant the prescribed premium of $133.56.   The policy provided for the payment of a like premium thereafter on

the 15th day of June, at noon, in every year, during the continuance of the contract, "and of the payment when due of any and all notes given for premiums or parts of the same."

The policy, among other things, contained a condition as follows: "The failure to pay any of the first three years' premiums, or any notes, or interest upon notes given to the company therefor on or before the days upon which such premiums, notes, or interest become due, shall avoid and nullify this policy without action on the part of the company or notice to the insured or beneficiary, and all payments made upon this policy shall be deemed earned as premiums during its currency. Any and all notes, with their conditions, which may be given for premiums or loans upon the security of this policy, are hereby made a part of this contract of insurance."

On the 15th day of June, 1906, instead of paying the premium in cash, the insured gave to the defendant four notes for $33.39 each, payable, respectively, in three, six, nine and eleven months after the date thereof, with interest. Each of said notes referred to said policy and contained a provision as follows: "Said policy, including all conditions therein for surrender, or continuance as a paid-up term policy, shall, without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity with interest at six per cent per annum."

When said notes were given the defendant gave to the insured a receipt, as follows: "Received by this company settlement as per margin of the annual premium due June 15, 1906, on policy No. 303337 upon the life of John C. O'Brien, New York, N. Y. This receipt is given subject to the conditions of any and all notes which may be given for the amount of said premium, or any part thereof, and the non-payment of said note or notes at maturity will void the policy." On the margin of the receipt was a memorandum of the four notes referred to

and a statement at the bottom thereof : "Settled as above this 15 day of June, 1906," and such statement was signed by an agent of the defendant.

On the 15th day of June, 1907, plaintiff did not pay the premium, but made a similar settlement by a note. The notes so given for the 1906 and 1907 premiums were, with one exception, never paid. The three unpaid notes given for the premium of 1906 were renewed from time to time; the last renewal was by one note due December 31, 1907, and was not paid. The note given for the premium of 1907 was not paid, but was renewed by a note due December 31, 1907, and was not paid. Prior to the premium becoming due on the 15th day of June, 1906, and also on the 15th day of June, 1907, notice was given to said O'Brien, as provided by section 92 of the Insurance Law (Laws 1892, chapter 690, as amended by Laws 1906, chapter 326, now Consolidated Laws, chapter 28). No notice was given by the defendant under said statute prior to said notes, or either of them, becoming due. O'Brien died on February 20, 1908, and the plaintiff, who is named as the beneficiary in said policy, brought this action to recover thereon, claiming that under said statute the defendant could not declare the policy forfeited or lapsed until one year after December 31, 1907, the date when said notes became due.

The only question involved on this appeal is whether under said statute the defendant, after having given notice as prescribed thereby, prior to the premiums falling due as provided by the terms of the policy, was required to give a further notice pursuant thereto prior to said notes severally becoming due.

Section 92 of the Insurance Law, as far as material, is as follows: "No life insurance corporation doing business in this state shall within one year after the default in payment of any premium, instalment or interest declare forfeited, or lapsed, any policy hereafter issued or renewed, and not issued upon the payment of monthly or

weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited, or lapsed, by reason of non-payment when due of any premium, interest or instalment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or instalment, unless a written or printed notice stating the amount of such premium, interest, instalment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his last known post-office address in this state, postage paid by the corporation, or by any officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, interest, instalment or portion thereof, then due, shall be paid to the corporation, or to the duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy as in this chapter provided. If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice.     *     *     *  "

The defendant having given the notice required by the statute, could have canceled the policy when the premium became due in 1906 and again in 1907. It did not do so, but each time gave the insured an extension of time to pay the premium in the manner shown by the receipt

and notes. The language of such receipt and notes is plain, and a default in the payment of the notes is not within the words of the limitation upon the right of the parties to contract, nor, so far as we can determine from a consideration of the statute, within the purpose and intention of the legislature in passing it. When the insured failed to pay the notes on December 31, 1907, the insurer, in accordance with the express terms of the " settlements," by which the time for the payment of the premiums severally were extended, declared the policy forfeited.

There is nothing in the form of the extension, nor in the fact that in this case any and all notes *with their conditions* are made a part of the contract of insurance, to affect the construction that should be given to the statute.

The construction of the statute has been settled against the contention of the appellant by prior decisions of this court. The decision in *Conway* v. *Phœnix M. L. Ins. Co.* (140 N. Y. 79) is a controlling authority. In that case the plaintiff brought the action upon a policy issued to her intestate. In his lifetime, and when the fifth premium was due on the policy described in the complaint, the intestate gave and an agent of the defendant accepted a promissory note for the premium then due. The note was payable in six months, but the insured failed to pay it. A few days before it became due he wrote to the agent of the defendant and expressed a desire to renew it. It had prior to that time been placed in a bank and the agent recalled it from the bank and notified the insured that he would hold it as long as possible, but stated in his letter that he might any day be required to return it to the home office for cancellation. It was not renewed and a few days after the due day the insured died. Notice had been given pursuant to the statute, prior to the premium becoming due, but no notice was given thereafter and prior to the note becoming due. An

action was brought upon the policy and the defendant
insisted as a defense that the agent who took the promis-
sory note in payment of the premium had no authority
from the company to accept such promissory note, and
that, even if the note had been accepted with the author-
ity of the company, the policy had been forfeited because
the note was not paid when due.   The plaintiff insisted
that as no notice was given pursuant to statute, prior
to the note becoming due, the company could not forfeit
the policy until one year after that date.   Judge GRAY,
writing for this court, discussed at some length the ques-
tion whether the company was responsible for the act
of its agent in taking the promissory note, and con-
cluded that the agent did not have authority to accept
the note.   Although the conclusion of the court was suf-
ficient to defeat the action, the question of the notice was
also material, because unless notice was required as
claimed by the plaintiff, failure to pay the note was, like
the want of authority in the agent to accept the note, a
complete defense to the action.   The court, referring to
the notice given before the premium became due, said:
"No further notice was required from the company to
the deceased.   The notice provided to be given by the
statute as a condition of its right to declare a policy
lapsed for non-payment of an annual premium was not
necessary, inasmuch as it had duly given the notice before
the premium became due, which the statute has provided
for.   The statute does not apply to this case." (p. 86.)
It cannot be said that a case is not authority on one point,
because, although that point was properly presented and
decided in the regular course of the consideration of the
cause, some other point was also considered and decided
which was alone sufficient to dispose of the whole issue.
(*Railroad Companies* v. *Schutte,* 103 U. S. 118.)

It is claimed by the appellant and it has been sug-
gested by some writers that the authority of the *Conway*
case was disregarded by this court in the decision in

*Strauss* v. *Union Central Life Ins. Co.* (170 N. Y. 349). A careful examination of that case will show that the *Conway* case was not thereby overruled or disregarded. The *Strauss* case was to reinstate a life insurance policy which the defendant claimed had been forfeited for non-payment of a premium. The policy contained a condition that in case the insured failed to pay the yearly premium provided therein, or any note given to the company for the same when due, the contract should cease and terminate. On the day that the premium in the year 1899 became due, the defendant received from the insured $100 in cash and a note for the balance payable in three months. When that note became due a further payment in cash was made and another note for the then balance was received payable in three months. That note was not paid when due. The statutory notice was not sent to the insured prior to the 1899 premium falling due nor prior to the time when the notes given in part payment thereof, or either of them, fell due. It was with reference to the facts stated that the opinion in that case was written and must be read. The court said: " It is admitted that the policy itself, when issued and delivered, was within the equity and protection of the statute; but it is claimed that it has been taken out of both by the transactions between the parties subsequent to the day when the premium fell due, and these transactions consist entirely of the payment by the plaintiff of the portion of a premium in cash and the execution and delivery of his note for the balance. * * * It does not appear to me that this court is embarrassed with any such obstacles in this case. That the policy is within the equity and protection of the statute is not and cannot be denied. The parties by their contract contemplated that notes might be given for premiums, since they have stipulated that in case of failure to pay such notes when due the policy should become void. The consequence of a failure to pay a note

given for the premium when due, is the same as the failure to pay anything.   In either case the policy is to be forfeited.   It is admitted that if the plaintiff had paid nothing when the premium became due, and had thus made a total default, the statute would protect the policy from forfeiture, since the notice was not served.   *   *   * The plaintiff by giving a note, and thereby procuring an extension of the time for the payment of the balance of the premium, waived no right that he had under the original policy." (p. 353.)

It thus appears that the decision in the *Strauss* case rests clearly upon the fact that the company failed to give the notice as provided by statute prior to the premium becoming due, and that nothing which occurred thereafter by payments in part and extensions by way of promissory notes taken in part payment for premiums waived the statutory notice.

Notice is not required under the statute, prior to notes becoming due which are given for a premium, when the statutory notice has been given as required thereby prior to the premium becoming due. (*Conway* v. *Phœnix Mutual Life Ins. Co.*, *supra ; Strauss* v. *Union Central Life Ins. Co.*, *supra ; Bartholomew* v. *Security Mutual Life Ins. Co.*, 140 App. Div. 88; *S. C.*, 204 N. Y. 649; *Stewart* v. *Home Life Ins. Co.*, 146 App. Div. 709; *Banholzer* v. *N. Y. Life Ins. Co.*, 74 Minn. 387.)

The order should be affirmed and judgment absolute ordered against the appellant on the stipulation, with costs in all courts.

Cullen, Ch. J., Haight, Vann, Willard Bartlett and Hiscock, JJ., concur; Collin, J., absent.

Order affirmed, etc.