No. 20,435.

JAMES M. PRIEST, a Minor, etc., *Appellee*, v. THE BANKERS LIFE ASSOCIATION OF DES MOINES, IOWA, *Appellant*.

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Nonpayment of Premiums—Notice of Forfeiture—Construction of Statute.* The notice contemplated by the act to prevent cancellation or forfeiture of life insurance policies without notice (Laws 1913, ch. 212), is notice of an intention to forfeit under an accrued right to forfeit, resulting from default in payment of premium within the time limited therefor, and notice given before the time has expired within which payment may rightfully be made that forfeiture will be enforced if payment be not made, does not satisfy the requirement of the statute.

2. SAME—*Statute Prospective in Operation.* The act is prospective in its operation, and does not affect forfeiture or cancellation of policies issued before the act took effect.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed December 9, 1916. Reversed.

*M. V. B. Van De Mark,* of Concordia, and *I. M. Earle,* of Des Moines, Iowa, for the appellant.

*Park B. Pulsifer,* and *Charles L. Hunt,* both of Concordia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a mutual benefit certificate issued by the Bankers' Life Association of Des Moines, Iowa, to William R. Priest. A demurrer was sustained to the answer and the defendant appeals.

The by-laws of the association are a part of the contract. They provide for assessments due on the first day of January, April, July and October of each year, with a "grace" period of one month within which to pay. Assessments are levied by resolution of the board of directors, and notices of assessments are mailed to members in the month preceding the calendar month in which the payment is due. Failure to pay an assessment within the required time forfeits membership and all right to share in the funds of the association. Lapsed certificates of membership may be reinstated, at the option of the association, on written application therefor. No right to reinstatement exists unless a variety of conditions be met, among them being good health, sound constitution, temperate habits, and unobjectionable occupation and residence, on the part of the applicant.

On June 23, 1914, the association sent to the insured notice of assessment call No. 125, reading as follows:

"This is to notify you that a levy has been made upon the assessment membership of this Company for fifteen per cent. based pro rata on the amount of the Guarantee Fund of such membership, for the purpose of providing Benefit Fund.
Your portion of the Benefit Fund is........................ $13.80
This call embraces the expense dues for six months for the Contingent Fund ......................................... 4.60

Total ........................................... $18.40
"When more than one certificate is included herein an equal proportion of the above total is payable on each.

Priest v. Life Association.

"This sum is due July 1, 1914, and payable only to this Company at its Home Office or to a Depository Bank. One month's grace is allowed so that payment may be made on or before August 1, 1914. If not made by that date your membership and insurance will thereby cease without action by the Company."

The assessment was not paid on or before August 1, 1914. On September 18, 1914, the insured was reinstated. The reinstatement was procured through representations made in the application for reinstatement. The insured died on November 9, 1914. The answer avoided the effect of reinstatement by alleging that the representations contained in the application for reinstatement were not true, and predicated nonliability on lapse of membership for failure to pay the assessment within the time limited. The demurrer to the answer was sustained on the ground that notice of intention to forfeit membership had not been given, as required by chapter 212 of the Laws of 1913. If this notice was essential and was not given, reinstatement and the representations inducing reinstatement were not material. The statute reads as follows:

"An act to prevent the cancellation or forfeiture of life insurance policies, without notice.

"*Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. It shall be unlawful for any life insurance company other than fraternal doing business in the state of Kansas to forfeit or cancel any life insurance policy on account of the nonpayment of any premium thereon, without first giving notice in writing to the holder of any such policy of its intention to forfeit or cancel the same.

"SEC. 2. Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policy holder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policy holder to the address last known by such company, in which to pay such premium; and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for shall be null and void. The affidavit of any responsible officer, clerk or agent of the corporation, authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be *prima facie* evidence that such notice has been duly given."

The defendant says the notice which was given complied with the statute. The court regards the statute as providing

for notice of an intention to forfeit under an accrued right to forfeit, and not for notice given before the time for payment has expired that forfeiture will be enforced if payment be not made. The notice of June 23 did not and could not state that the assessment, which was not due until July 1, and which could be paid as late as August 1, was both due and unpaid, as the statute requires.

The defendant says the statute of this state "is based on the New York statute and is practically the same," and cites two decisions of the New York court of appeals to the effect that notice containing the necessary information, given before the premium is payable, is sufficient. (*Conway v. P. M. L. Ins. Co.*, 140 N. Y. 79; *O'Brien v. Union Central Life Ins. Co.*, 207 N. Y. 180.) The New York act of 1876 regulating forfeiture of life-insurance policies provided that forfeiture should not be permitted unless a notice stating the amount of premium due and the place where it might be paid were mailed to the insured not less than thirty days nor more than sixty days before the payment became due, according to the terms of the policy. (Laws N. Y. 1876, ch. 341.) The next year the statute of 1876 was amended. The amended statute provided that power to forfeit could not be exercised except under the following conditions: "Whenever any premium or interest due upon any such policy shall remain unpaid when due," notice shall be given to the insured, stating the amount due, the place where payable and the person to whom payable, and stating that unless "the premium or interest then due shall be paid . . . within thirty days . . . the . . . policy . . . will become forfeited and void." The statute further provided that payment within the thirty days limited therefor should satisfy the requirements of the policy, and then proceeded as follows:

"Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for." (Laws N. Y. 1877, ch. 321.)

Very clearly two kinds of notice are here recognized: One, the advance notice stating when premium will fall due, with a forfeiture warning, and the other, a forfeiture notice given

Priest v. Life Association.

after default arising from nonpayment of premium within the contract time. The Conway case was decided under the act of 1877. Advance notice of the fifth year's premium on the policy sued on was given. The notice contained the forfeiture reminder. Instead of paying the premium the policy holder gave his note for the amount. The note was not paid and the policy was canceled without the giving of another notice. The court said:

"The notice provided to be given by the statute as a condition of its right to declare a policy lapsed for nonpayment of an annual premium was not necessary, inasmuch as it had duly given the notice before the premium became due, which the statute has provided for." (*Conway v. P. M. L. Ins. Co.*, 140 N. Y. 79, 86.)

Afterwards the legislature of the state of New York went back to notice, with forfeiture warning, given before the time when premium is payable. Section 92 of the Consolidated Insurance Laws of New York contains the following provisions:

"Nor shall any such policy be forfeited, or lapsed, by reason of nonpayment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment, unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, . . . at least fifteen and not more than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, interest, installment or portion thereof, then due, shall be paid to the corporation, or to the duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy as in this chapter provided. If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice." (3 Consol. L. of N. Y. 1909, p. 1830.)

The O'Brien case was decided under this statute. The facts were similar to those of the Conway case. Notice was given containing the forfeiture warning, the premium was not paid in cash, notes were given, the notes were not paid, and forfeiture was declared without further notice. The court said:

"Notice is not required under the statute, prior to notes becoming due

which are given for a premium, when the statutory notice has been given as required thereby prior to the premium becoming due." (*O'Brien v. Union Central Life Ins. Co.*, 207 N. Y. 180, 189.)

The result of the foregoing is that the Kansas statute "is based on the New York statute" only in the sense that the same general legislative subject is dealt with, and New York acted first. The Kansas statute is radically different from the New York statute in its earliest and latest forms. The Kansas statute resembles the first part of the New York act of 1877, but that act dispensed with notice after default if notice were given before premium was payable. The decisions cited emphasize the distinction between the two kinds of notice. The notice which the defendant gave was notice of an assessment, which called attention to the penalty for nonpayment. The statute of Kansas does not recognize it as a notice of intention to forfeit, and without statutory authority it can not be substituted for a forfeiture notice to be given after default.

Assuming the statute to be as the court interprets it, the defendant says it does not apply to the policy sued on because the policy was issued before the statute took effect, and if the statute were to apply, the statute would be void, as impairing the obligation of the contract. With this contention the court agrees. The subject was carefully considered when the court had before it the case of *Lightner v. Insurance Co.*, 97 Kan. 97 154 Pac. 227.

The New York statute, in its various forms, expressly applies to "any policy hereafter issued or renewed." The Kansas statute reads "any life-insurance policy." The plaintiff argues that the New York statute was undoubtedly before the draughtsman of the Kansas statute, and that omission of express limitation to policies subsequently issued is significant of an intention to give the unqualified terms of the act their literal meaning. If the statute, as the legislature conceived it, would impair the obligation of contracts already in force, an express limitation to policies subsequently issued was quite unnecessary. The statute could apply to none but policies subsequently issued, and the legislature will not be accused of designing a void act.

The plaintiff says the law is confined to regulation of future forfeitures of existing contracts, and properly considered affects nothing but remedy. Numerous fortifying

decisions are cited which need not be reviewed at length. The rules of law are not in dispute, the question being, How shall the statute be classified? Does it affect nothing but remedy, or does it impair obligation? After the contract right of forfeiture is complete, and obligation to pay the policy is at an end, the right is taken away and the obligation is extended until the obligor gives a notice, and for thirty days thereafter. Should the insured die before notice given, or within the thirty-day period, the policy is as secure against forfeiture as it was while premium was still payable according to its terms. Should the insured live, and pay the unpaid premium within the statutory time, the obligation of the policy is unconditionally restored. In this case a forced reinstatement of lapsed membership would result, and a reinstatement stripped of all the safeguards reserved for the insurer's benefit in the by-laws forming a part of the contract. If the answer be true, the insured could not have secured reinstatement. If the statute be valid and govern the rights of the parties, it accomplishes for the insured what he could not accomplish except by fraud.

The conclusion reached in the Lightner case, that the statute makes a radical change in the terms of the contract, a change materially affecting the rights and obligations of the parties, is adhered to.

The plaintiff says the obligation of the contract was not affected because the defendant could have given the statutory notice after the premium became due on July 1, so that the statutory period of thirty days within which payment could be made would have coincided with the contract period of one month. This is a fortuity which could not occur with respect to April assessments. Beyond this, however, the notice required is not notice of a contingent intention to forfeit which may possibly be entertained in the future. It is notice of an actual intention to forfeit because premium has not been paid. Such an intention can not exist until cause for forfeiture arises. Cause for forfeiture can not arise during the time within which payment may rightfully be made. That time must expire and the premium be unpaid. In the present instance the assessment was "due" on July 1, but it could be paid at any time on or before August 1 without delinquency. The word "nonpayment" in sections 1 and 2 of the statute, and the word

"unpaid" in section 2, imply default in payment, and the statutory notice could not be given before August 2.

The judgment of the district court is reversed and the cause is remanded with direction to overrule the demurrer to the answer.