No. 22,632.

S. M. CUNNINGHAM, as Administrator of the Estate of BERTHA M. CUNNINGHAM, Deceased, *Appellee,* v. THE GLOBE LIFE INSURANCE COMPANY, *Appellant.*

#### SYLLABUS BY THE COURT.

LIFE INSURANCE—*Extension Note for Premium—Note in Default—Notice of Intended Forfeiture Necessary.* Where before a life insurance premium becomes due an agreement is made extending the time of payment, a failure to meet the obligation at its new maturity does not cause a lapse of the policy, notwithstanding a provision therein contained to that effect; this result being prevented by the statute which forbids a forfeiture on account of the nonpayment of a premium until a thirty-day notice thereof shall have been given after such default has occurred.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed April 10, 1920. Affirmed.

*C. W. Burch, B. I. Litowich,* and *La Rue Royce,* all of Salina, for the appellant.

*C. S. Crawford,* and *E. S. Crawford,* both of Abilene, for the appellee.

*Edwin E. Brookens,* of Topeka, as *amicus curiæ.*

The opinion of the court was delivered by

MASON, J.: On March 28, 1917, the Globe Life Insurance Company issued to Bertha M. Cunningham a policy by which it agreed to pay $1,000 to her estate upon her death, in consideration of the payment of an annual premium of $27.20. She paid the first premium at the time of taking out the policy. The second premium was due March 28, 1918. On March 6 of that year she wrote to the company saying that she would be unable to meet the obligation for at least three months, and asking if the policy would still be good at that time. The company answered that the policy could be kept in force by her signing a note, which was inclosed in its letter, for $27.20, dated March 28, due in three months, bearing interest from date at the rate of 6 per cent per annum. On March 17 she returned the note with her signature attached. She died July 21, 1918. Her administrator brought action against the company on the policy, recovering a judgment, from which it appeals.

The company contends that by the failure of the insured to pay the premium note at maturity—on June 28, 1918—all its liability ceased. The plaintiff contends that, notwithstanding such default, no forfeiture could result without the service upon the insured of a notice of forfeiture as provided by the statute. The question involved is whether such a notice was necessary under the circumstances stated.

The statute referred to, so far as here important, reads:

"It shall be unlawful for any life insurance company other than fraternal doing business in the state òf Kansas to forfeit or cancel any life insurance policy on account of the nonpayment of any premium thereon, without first giving notice in writing to the holder of any such policy of its intention to forfeit or cancel the same." (Gen. Stat. 1915, § 5292.)

"Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policyholder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policyholder to the address last known by such company, in which to pay such premium; and any attempt on the part of such insurance company to cancel or

Cunningham v. Insurance Co.

forfeit any such policy without the notice herein provided for shall be null and void." (Gen. Stat. 1915, § 5293.)

It is not competent for the insured, by any stipulation inserted in the policy, to waive the benefit of this statute; otherwise it would be of little practical effect. (*Reynolds v. Insurance Co.*, 105 Kan. 669, 185 Pac. 1051.) In the present case (which differs in that respect from the one just cited) no express waiver was attempted. The policy granted thirty days of grace after a premium was due, interest at 6 per cent to be charged from the original maturity unless payment should be made within the first twenty days. The 'written application contained a provision, assented to by the insured, that if any premium should not be paid when due all previous payments should be forfeited to the company except as provided in the policy. So that except for the statute a forfeiture would have resulted automatically from a default which continued for thirty days. The statute, of course, is to be read into the contract as a qualification of the provision referred to. The company concedes that no waiver made in advance would be effective—that the insured could not by agreement entered into at the time the policy was executed bind herself not to take advantage of the statute. But it contends that the benefits thereof might later become a proper subject of contract— of sale or barter—and that here the insured must be deemed to have exercised an option to accept a privilege offered by the company in lieu of that given her by the statute. An analogy in this regard is suggested between the right to demand a notice as a prerequisite to a forfeiture and the right of the owner to redeem land from a judicial sale. After a sale of real estate upon the foreclosure of a mortgage the mortgagor may doubtless release his right of redemption to the purchaser, on such terms as he may see fit, although a stipulation to waive it inserted in the mortgage would be a nullity. But an agreement to waive the right to redeem is no more effective when it is made as a part of an arrangement for the extension of the time of payment of the mortgage debt than when it is incorporated in the original contract. (*Live Stock Co. v. Trading Co.*, 87 Kan. 221, 123 Pac. 733.) Where there has been a failure to meet a premium-payment at maturity, and the company has thereby acquired the right

to terminate its liability by giving a thirty-day notice—a right which does not exist until there has been such a default (*Priest v. Life Association,* 99 Kan. 295, 161 Pac. 631)—possibly the insured can effectively exchange his statutory privilege in that regard for the payment of a sum of money or the granting of some privilege in connection with his policy—such as an extension of the term of his insurance. But that question does not arise here. Prior to June 28, 1918, Bertha Cunningham was not in default. Her second annual premium was due according to the terms of the policy on March 28, 1918. Before that date arrived the terms of the policy had been modified by a valid agreement between the parties by which the time of payment was extended for three months. The application contained a paragraph, a part of which has already been referred to, reading as follows:

"That if any premium on any policy issued on this application shall not be paid when due, all previous payments shall be forfeited to the company except as provided in the policy, and if any note or other obligation is taken for any premium or part thereof, such note or other obligation shall not be payment thereof but only an extension of time of payment of the same, and failure to pay such note or other obligation at maturity shall work a forfeiture of all previous payments, except as provided by the policy."

The provision that the taking of a note should not constitute a payment of the premium, but only an extension of the time of payment, does not have the effect of placing the insured in default, for by virtue of the extension which was made before the original maturity the obligation to make the payment never matured until June 28. The giving of the note did not renew the insurance for a year, as the payment of the premium would have done, but it kept the policy in force for three months, not merely by implication, but by the express language of the application and the company's letters to the insured. The provision of the paragraph above quoted with regard to the effect of a nonpayment of a premium at maturity in working a forfeiture is substantially the same whether the default should be in failing to pay the premium at the time stated in the policy, or in failing to pay an extension note at its maturity. The statement of the assured made before the time had arrived for the payment of the second annual premium, that she would not be able to meet it promptly, did not have the effect

Cunningham v. Insurance Co.

to put her in default; it would not prior to her execution of the note have prevented her from paying the premium at any time before March 28 (if she had obtained the money) and thus continuing the policy in force. The company could not by reason of her statement have served a valid notice of forfeiture earlier than March 28, and before that date arrived the time of payment had been extended. The right of the company to serve a forfeiture notice did not accrue before June 28. Nothing took place after that time which is claimed to have resulted in a waiver of any right the insured then had. The company stands upon the proposition that its liability ceased at that date by virtue of the nonpayment of the note. For the reasons indicated, we hold that the provisions of the paragraph of the application above quoted no more contemplate a forfeiture without notice where there is a default in the payment of an extension note given before a default had occurred, than where there is a default in the payment of a premium at its original maturity; however, if the language used is interpreted as meaning that no notice shall be necessary to bring about a forfeiture after a default, the provision is as ineffectual in the one case as in the other because subversive of the purpose of the statute.

In *Marshall v. Insurance Co.*, 98 Kan. 502, 159 Pac. 17, it was held that the failure to pay at maturity a note given for a premium, under an agreement that it should not be considered a payment thereof but merely an extension of the time in which it might be paid, resulted in a forfeiture of the policy. But the statute here involved was not there invoked, and in fact had not been enacted when the policy sued upon was issued, and for that reason could have had no application. (*Lightner v. Insurance Co.*, 97 Kan. 97, 154 Pac. 277.)

The company cites cases holding that where a statutory notice required as a condition precedent to the forfeiture or lapsing of a policy had been given with respect to the original premium, no renewal thereof was made necessary by a subsequent extension of the time of payment. (*O'Brien v. Union Central Life Ins. Co.*, 207 N. Y. 180; *Conway v. P. M. L. Ins. Co.*, 140 N. Y. 79.) The notice there involved, however, was required to be given not less than 15 nor more than 40 days before the maturity of the premium, and to state the amount

of the premium and the place where and the person to whom
it was payable.   The notice being so different from that re-
quired by the Kansas statute, particularly in respect to being
served before instead of after the default, makes the bearing
of decisions concerning it quite remote.   It has been held,
however, that the necessity for such notice is not dispensed
with by the fact that part of a premium when due had been
paid in cash, a note being given for the balance, containing a
provision that default in its payment would work a forfeiture
of the policy.   (*Strauss v. Union Central Life Ins. Co.*, 170
N. Y. 349.)

The judgment is affirmed.

DAWSON, J., dissents.